SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
Neha A. Mehta (No. 245191)
Deputy Federal Public Defender
(E-mail: Neha_Mehta@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-4104
Facsimile (213) 894-0081

Attorneys for Defendant
SHAWN EWING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHAWN EWING, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | NO. CR 09-00003-FMC <br><br> NOTICE OF MOTION; MOTION TO SUPPRESS EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS <br><br> Date: 9/14/09 <br> Time 1:30 p.m. |

TO: UNITED STATES ATTORNEY THOMAS O'BRIEN AND ASSISTANT UNITED STATES ATTORNEY XOCHITL ARTEAGA:

PLEASE TAKE NOTICE that on September 14, 2009 at 1:30 p.m., or as soon as counsel may be heard, in the courtroom of the Honorable Florence-Marie Cooper, United States District Judge, defendant Shawn Ewing, will bring on for hearing the following motion:

//

//

## MOTION

Defendant, Shawn Lewis Ewing, by and through his attorney of record, Deputy Federal Public Defender, Neha A. Mehta, hereby moves this Honorable Court to suppress all evidence found, seized and/or developed as a result of a December 18, 2008 warrantless search of several twenty dollar bills located in a vehicle.

This motion is made pursuant to the Fourth Amendment to the United States Constitution and is based upon the attached Memorandum of Points and Authorities, Declaration of Shawn Lewis Ewing, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: August 6, 2009        By_____/s/_____

    Neha A. Mehta
    Deputy Federal Public Defender

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

Defendant, Shawn Lewis Ewing ("Mr. Ewing"), is charged in a two-count indictment with the following: (1) Count One -- a violation of 18 U.S.C. § 471, Counterfeiting Obligations of the United States; and (2) Count Two -- a violation of 18 U.S.C. § 474, Possessing Counterfeit Currency of the United States with Intent to Use.

On December 18, 2008, Los Angeles County Sheriff, Deputy J. Doke ("Deputy Doke"), conducted a traffic stop of a vehicle belonging to Sandra Vera for having expired license plates. Mr. Ewing was a passenger in the car, as was another man named Michael Smith ("Mr. Smith"). At some point during the traffic stop, Deputy Doke conducted a search of a number of twenty dollar bills contained in the car. This was a search which was unlawful and therefore the bills and all other evidence resulting from the search must be suppressed.

## II.

## STATEMENT OF FACTS

According to the Los Angeles Sheriff's Department Incident Report, on December 18, 2008, Deputy Doke conducted a traffic stop of a 1993 brown Buick that had an expired license plate.[1] Deputy Doke approached the vehicle and informed the driver, Sandra Vera, that he had stopped her because her registration was expired. Deputy Doke claimed that one of the passengers, Mr. Smith, appeared nervous. Deputy Doke then asked whether anyone in the car was on probation or parole. Mr. Smith informed that he was. Deputy Doke noticed dollar bills sticking out of the weatherstripping of the front passenger window. Deputy Doke proceeded to remove the dollar bills from the weatherstripping and questioned Mr. Smith as to why there was money in the window. Mr. Smith informed Deputy Doke that he didn't know.

---

[1] This report is attached to this Motion as Exhibit "A."

Deputy Doke then began examining and comparing the bills and observed that several of the bills had the same serial numbers. Mr. Smith later informed Deputy Doke that the twenty dollar bills belonged to Mr. Ewing. This fact is undisputed. (See Declaration of Shawn Lewis Ewing ¶ 3).

### III.
### ARGUMENT

#### A.   Applicable Law

The Fourth Amendment protects against unreasonable search and seizure and provides that search warrants should issue only upon probable cause. Payton v. New York, 445 U.S. 573, 582, 100 S. Ct. 1371, 1378 (1980). Warrantless searches are *per se* unreasonable under the Fourth Amendment unless justified by "a few specifically established and well delineated exceptions." Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed.2d 576 (1976). Exceptions to the warrant requirement "must be narrowly tailored to the circumstances that justify their creation." Florida v. Royer, 460 U.S. 491, 499-500, 103 S. Ct. 1319, 1325 (1983); Chimel v. California, 395 U.S. 752, 762-63, 89 S.Ct. 2034, 2040 (1969); Terry v. Ohio, 392 U.S. 1, 19, 25-26, 88 S. Ct. 1868, 1878-79, 1882 (1968).

Motor vehicles have occupied a special place in search and seizure law in that an exception to the warrant requirement has been established in regard to stopping and securing a vehicle. Chambers v. Maroney, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981 (1970); Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280 (1925). The warrant exception has developed because of the mobility inherent in a motor vehicle. It has not, however, stripped motor vehicles of all Fourth Amendment protection. Regardless of whether an a house or motor vehicle is searched, there still must be probable cause for the search. Almeida-Sanchez v. United States, 413 U.S. 266, 269, 93 S.Ct. 2535, 2537-2538 (1973).

Where there is a stop for a traffic violation, the "traffic stop may not last 'any longer than necessary to process the traffic violation unless there is articulable suspicion

of other illegal activity.'" United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001)(quoting United States v. Holloman, 113 F.3d 192, 196 (11th Cir. 1997). A traffic stop alone does not necessarily permit the search of a vehicle. See Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998); see also United States v. Turvin, 517 F.3d 1097, 1103-04 (9th Cir. 2008)(finding that a court must examine the totality of the circumstances surrounding a stop in order to determine whether the officer's conduct was reasonable and in violation of a defendant's Fourth Amendment right to be free from unreasonable seizure).

### B. The Removal and Comparison of the Twenty Dollar Bills was a Search Which was Subject to the Fourth Amendment

In Arizona v. Hicks, 480 U.S. 321 (1987), the Supreme Court held that while police lawfully entered an apartment without a warrant and seized evidence in plain view that was associated with the crime they were investigating, a policeman's conduct in moving stereo components in order to obtain their serial numbers for the purpose of checking whether the components were stolen, constituted an unlawful search. Id. at 324-27. According to the Supreme Court, moving an object even a few inches constituted a search. Id. at 324 (stating, "Officer Nelson's moving of the equipment...did constitute a 'search' separate and apart from the search...that was the lawful objective of his entry into the apartment.") Unlike evidence lawfully seized, the contraband nature of the stereo component was not immediately apparent to the officer, and he lacked probable cause to believe the components were stolen. Id. Therefore, the search violated the Fourth Amendment. See also United States v. Ruthowski, 877 F.2d 139, 142-44 (1st Cir. 1989)(seized platinum neither inherently incriminating, nor was there a discernable nexus between the seized items and criminal activity described in the warrant.); United States v. Davis, 332 F.3d 1163, 1168 n.3 (9th Cir. 2003)("[E]ven if the bag [containing a prohibited shotgun] had been open, the fact that it was stored under the bed, thus requiring the police to move it, would have required probable cause,

1  since such movement would constitute a search."(citing Hicks, 480 U.S. at 324-25, 107
2  S. Ct. 1149)).
3      The facts here in are comparable to those in Arizona v. Hicks. Just as the officer
4  moved of the stereo equipment in Hicks to see the serial numbers, Deputy Doke
5  removed the twenty dollar bills in order to see the serial numbers, which constituted an
6  unlawful search. And as in Hicks, the contraband nature of the bills was not
7  immediately apparent to the officer, rather it became apparent only when he compared
8  the serial numbers.

9      **C.  The Government has the Burden of Justifying the Search, and the**
10     **Search Must be Held Unconstitutional of the Government Cannot**
11     **Justify It**

12     The Fourth Amendment incorporates a strong preference for search warrants.
13 United States v. Ventresca, 380 U.S. 102, 106 (1965).  Warrantless searches are *per se*
14 unreasonable.  Katz v. United States, 389 U.S. 347, 357 (1967). "While warrantless
15 searches are not absolutely proscribed, the exceptions to the warrant requirement are
16 'jealously and carefully drawn.'"  United States v. Carbajal, 956 F.2d 924, 930 (9th Cir.
17 1992) (quoting Jones v. United States, 357 U.S. 493, 499 (1958)).  There must be
18 probable cause to conduct the search, though there are some exceptions to the probably
19 cause requirement.  See, e.g., Florida v. Royer, U.S. 491, 497 (1983)  (plurality).
20     The government bears the burden of demonstrating the reasonableness of a
21 warrantless search, including establishing that a warrantless search comes within one of
22 the narrow exceptions to the warrant requirement. Carbajal, 956 F.2d at 930 (citing
23 United States v. Jeffers, 342 U.S. 48, 51 (1951)).  The government must demonstrate
24 that there was probable cause or that the requirements for one of the exceptions to the
25 probable cause requirement were satisfied.
26     In the present case, government must decide what, if any, justifications it will
27 rely on, and, since it has the burden, it must offer evidence and argument in support of
28

its justifications. The defense will address whichever justifications the government relies upon in the defense reply to the government's response.

## **CONCLUSION**

The evidence found during the vehicle search and subsequent search of the twenty dollar bills and the fruits thereof, must be suppressed because the warrantless searches were in violation of Mr. Ewing's Fourth Amendment rights. In the alternative, Mr. Ewing respectfully requests an evidentiary hearing on the matter.

                                          Respectfully submitted,

                                          SEAN K. KENNEDY
                                          Federal Public Defender

DATED: August 6, 2009          By_____/S/_____
                                          NEHA MEHTA
                                          Deputy Federal Public Defender